This action was consolidated with another entitled W. S. McDonald et al.v. D.C. Lingle, trustee.
The plaintiffs, as heirs at law and next of kin of Frances McDonald, brought suit to set aside certain mortgages and deeds of trust alleged *Page 220 
to have been executed by Frances McDonald through the fraudulent contrivance of the defendants. They alleged that Frances was of unsound mind, that between her and one of the defendants there was a fiduciary relation, and that she was deceived and induced to execute the assailed conveyances. By consent the cause was referred to D. A. Rendleman. He made a report containing his findings of fact, among which are the following:
The mind of Frances McDonald began to fail about ten years prior to her death and became gradually weaker until 8 July, 1926, when she was adjudicated a lunatic by the Superior Court of Rowan County and committed to the State Hospital for the Insane at Goldsboro. During the years 1924, 1925, and 1926 she was of unsound mind and incapable of making or understanding a contract.
At the time of her death she was seized of three lots in the city of Salisbury referred to as A, B, and C.
In March, 1925, she and D.C. Lingle entered into an agreement under which Lingle constructed for her three four-room houses on lot A, for which she executed a note for $4,650 and secured it by a deed of trust conveying to J. A. Lingle, trustee, lot A and the three houses thereon. The reasonable cost and value of the houses was $900 each, or $2,700. Frances held possession of the houses until 1 January, 1926, when D.C. Lingle took possession under an agreement to collect rents therefrom and apply them on the note and mortgage for $4,650. He kept no personal record of the rents collected but accounted for rents in the amount of $1,212.50 from 1 January, 1926, to 15 August, 1929, by a statement prepared from rent books and receipts issued to tenants during this period. Only three receipt books were introduced out of a large number issued. More than 50 per cent of rent was lost by reason of vacancies and uncollected accounts. D.C. Lingle was negligent in failing to keep a record of the rents collected and allowing a loss by reason of vacancies and lost accounts.
The reasonable rental value of the houses during 1926, 1927, and 1928 was $16.00 a month each and for 1929 $12.00 a month each. A loss of one month a year is usual in rentals of this character and a loss of a month or five weeks a year should cover all rents lost, if reasonable diligence is observed.
While in possession of the houses D.C. Lingle paid necessary expenses and accounts amounting to $598.71.
Pursuant to the terms of said $4,650 deed of trust, on 27 April, 1929, John A. Lingle, trustee, sold the lands described therein, at which sale Odell Lingle became the last and highest bidder for the same at the price of $3,750; that no advanced or upset bid was placed on said property within ten days. *Page 221 
On or about 14 July, 1928, Odell Lingle loaned $150.00 in cash to Frances McDonald, which was received and used by Frances McDonald in the payment of necessary outstanding bills and accounts; that as a part of the same transaction, Odell Lingle sold to the said Frances McDonald one four-cylinder Buick automobile for the sum of $250.00; that said automobile was reasonably worth $250.00, but that Frances McDonald had no use for the same, was unable to use or benefit by said car and that her estate was not benefited by the same; that on 14 July, 1925, Frances McDonald executed a note in the sum of $400.00 to Odell Lingle, and to secure the same executed and delivered to D.C. Lingle, trustee, a mortgage deed of trust covering tract B heretofore described, which mortgage trust deed is registered in Book of Mortgages No. 94, page 100, in the office of the register of deeds for Rowan County, the consideration for said note and mortgage being said loan of $150.00 and said Buick automobile.
At the time the note and mortgage for $400 were executed there were five outstanding registered liens upon the property covered by the mortgage, including a mortgage to A. A. F. Seawell and to J. M. Waggoner for legal services in contested suits involving the property of Frances McDonald.
On 10 August, 1928, after due advertisement, D.C. Lingle, trustee, pursuant to the powers contained in said $400.00 deed of trust, sold tract B to John A. Lingle for the purchase price of $1,155; that from the proceeds of such sale all prior liens, aggregating $1,237.19, and costs of sale, $71.29, total $1,308.48, were paid by the said trustee or assumed by the purchaser; that said prior mortgages have been canceled and so presented in court; that the actual value of lot B was not more than $1,308.48, and that there was no payment on said $400.00 note from the proceeds of sale thereof.
During the foregoing transactions Frances McDonald constantly sought and relied on the assistance and advice of D.C. Lingle in all business transactions. Odell Lingle and J. A. Lingle are his sons, and Eltha Lingle is his daughter.
The referee filed a supplemental report in which he stated $1,990.55 to be due D.C. Lingle; $188.08 to be due Odell Lingle; and the net amount to be due the estate of Frances McDonald from the sale to Odell Lingle, on 7 October, 1929, to be $1,571.37.
His conclusions of law are as follows:
1. The note executed by Frances McDonald to D.C. Lingle, dated 31 March, 1925, secured by mortgage deed of trust to J. A. Lingle, trustee, recorded in Book of Mortgages No. 92, p. 182, is voidable and should be set aside. *Page 222 
2. The estate of Frances McDonald is due D.C. Lingle the reasonable value of said houses, $2,700, with interest from 15 May, 1925, subject to credits hereinafter shown, this amount to be paid to D.C. Lingle from the proceeds of sale to Odell Lingle set forth in paragraph 9 of these findings of fact. Hereto attached, marked Exhibit A, is a statement of the balance due D.C. Lingle, showing all charges and credits in detail.
3. D.C. Lingle, mortgagee in possession of said three houses from 1 January, 1926, to 1 September, 1929, should be charged with the reasonable rental value of the same during said period, without compensation for services rendered, and credited with reasonable and necessary disbursements incident to holding and preserving said property.
4. The estate of Frances McDonald is due Odell Lingle $150.00 by reason of the loan set forth in paragraph 10 of these findings of fact, with interest on $150.00 from 14 July, 1925.
The plaintiffs and the defendants filed exceptions, all of which were overruled. Judge Stack approved and confirmed the report, and adjudged:
2. That defendants' demand for a jury trial be overruled and disallowed, it appearing that the reference was by consent of all parties.
3. That the sale by J. A. Lingle, trustee for D.C. Lingle, of the three houses and lots on Railroad Avenue to Odell Lingle for the sum of $3,750 be hereby approved and confirmed, and said purchaser is hereby ordered and directed immediately to pay said sum to said trustee, and upon said payment said trustee shall convey said property to said purchaser.
4. That J. A. Lingle, trustee for D.C. Lingle, pay and disburse said sum as follows: He shall pay the sum of $1,990.55 to D.C. Lingle; he shall pay Odell Lingle the sum of $188.08; and he shall pay to W. S. McDonald, Max McDonald, and Viola Hadley, the heirs of Frances McDonald, the balance of $1,571.37.
5. That the plaintiffs, W. S. McDonald, Max McDonald, and Viola Hadley have and recover judgment for said last mentioned sum against the prosecution bond heretofore filed by defendants in this action, that is to say that they have and recover of D.C. Lingle, J. A. Lingle, and Odell Lingle, as principals, and M. A. Goodman, and Mrs. M. A. Goodman, as sureties, the sum of $2,500 to be discharged upon payment to said plaintiffs of the aforesaid sum of $1,571.37, together with interest thereon from 7 October, 1929, until paid.
6. That defendants shall pay the costs of these actions to be taxed by the clerk, including $75.00, which is hereby allowed to D. A. Rendleman for his services as referee therein, and $137.00, which is hereby allowed to Freda Gardner for her services as stenographer, therein. *Page 223 
The plaintiff will (pay) one-half of the referee's fee, to wit, $75.00. The stenographer allowed $137.00.
The plaintiffs and the defendants excepted to the judgment and appealed.
PLAINTIFFS' APPEAL.
The plaintiffs' first assignment of error is the finding that the actual value of lot B was not more than $1,308.48. The referee's finding of the value, approved by the judge, has support in the evidence. Neither the referee nor the judge was bound by any of the estimates of the witnesses but each was at liberty to consider, not only statements or opinions of the value, but the situation, description, and condition of the property. As there was evidence in support of the finding we discover no just cause for modifying the judgment by setting aside the finding.
With respect to the second assignment it may be said that the fees paid the attorneys were presumably for the protection or benefit of the estate of Frances McDonald; and in the absence of specific allegation and proof tending to impeach the transactions we must decline to reverse the finding of the presiding judge in reference thereto. On the plaintiffs' appeal the judgment is
Affirmed.
DEFENDANTS' APPEAL.